UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 JAN 11 AM 9:54

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. **08 MJ 0080** |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Rafael Alfonso LABASTIDA-Olachea** ) | Attempted Entry After Deportation |
| ) | |
| Defendant. ) | |

The undersigned complainant being duly sworn states:

On or about **January 10, 2008**, within the Southern District of California, defendant **Rafael Alfonso LABASTIDA-Olachea**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Claudia Rios
U.S. Customs and Border
Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 11th DAY OF **JANUARY, 2008.**

UNITED STATES MAGISTRATE JUDGE

## **PROBABLE CAUSE STATEMENT**

On January 10, 2008 at approximately 1:50 AM, **Rafael Alfonso LABASTIDA-Olachea (Defendant)** made application for admission into the United States at the Otay Mesa Port of Entry via pedestrian. Defendant presented his Permanent Resident (I-551) card and told the Customs and Border Protection (CBP) Officer that he was on his way to Chula Vista. Defendant gave a negative declaration and further added that he was robbed in Mexico and had no further identification with him. The CBP Officer conducted a name check through CBP computer system and received a computer generated referral. The CBP Officer escorted the defendant to secondary for further inspection.

In secondary, Defendant's fingerprints were obtained and queried utilizing the Integrated Automated Fingerprint Identification System (IAFIS) verifying Defendant's identity and criminal record. Defendant was identified as a criminal alien previously removed from the United States. Defendant was referred to the Prosecution Unit for further processing.

Defendant was advised of his Miranda rights and agreed to submit to questioning without the benefit of counsel. A videotaped interview was obtained with the following declaration: Defendant declared to be a citizen of Mexico by birth in Ensenada, Baja California, Mexico who has no entitlement to entry, passage or residency in the U.S. Defendant also declared that he has been formally removed from the U.S. on two prior occasions with his most recent removal occurring on or about 2003. Defendant stated he has not applied for nor received authorization to re-enter the United States. Defendant said he attempted to effect illegal entry into the U.S. in an effort to re-establish residency and was destined to Chula Vista, California.

Further queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico with no legal documents to enter the United States. DACS indicates that on or about August 01, 1995 an Immigration Judge ordered Defendant deported from the United States and Defendant was subsequently removed to Mexico. DACS further shows Defendant was last removed from the United States to Mexico on or about August 25, 2003. Immigration service records contain no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.