EZEKIEL E. CORTEZ
CA Bar No. 112808
ERIN J. LINDQUIST
CA Bar No. 249730
The Executive Complex
1010 Second Avenue,
Suite 1850, San Diego, CA 92101
Tel (619) 237-0309 Fax (619) 237-8052
Lawforjustice@aol.com

Attorneys for Defendant: Rafael Alfonso Labastida-Olachea

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08 CR 0203-MLH |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S NOTICE OF MOTION** |
| v. | ) | **AND MOTION FOR DISCOVERY AND** |
| | ) | **FOR LEAVE TO FILE ADDITIONAL** |
| RAFAEL ALFONSO LABASTIDA- | ) | **MOTIONS** |
| OLACHEA, | ) | |
| | ) | **Date:  February 25, 2008** |
| Defendant. | ) | **Time:  2:00 p.m.** |
| | ) | |

**TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY AND WILLIAM HALL,**
**ASSISTANT UNITED STATES ATTORNEY:**

        **PLEASE TAKE NOTICE** that on February 25, 2008, at 2:00 p.m., the defendant,

Rafael Alfonso Labastida-Olachea (hereinafter Mr. Labastida), by and through his counsel,

Ezekiel E. Cortez, will move this Court to grant the motions listed above.

//

//

//

//

# MOTION

Through his counsel, Ezekiel E. Cortez, and pursuant to Federal Rules of Criminal Procedure 12 and 16, the Fifth and Sixth Amendments to the United States Constitution, 18 U.S.C. § 3501, and applicable local rules, Mr. Labastida hereby moves this Court to grant his motions for discovery and for leave to file additional motions.

These motions are based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, the files and records in this case, and all other matters which may be brought to this Court's attention before or during the hearing of this motion.

Respectfully submitted,

Dated: 11 February 2008                    /S/Ezekiel E. Cortez
                                           Ezekiel E. Cortez
                                           Attorney for Defendant
                                           Rafael Alfonso Labastida-Olachea

EZEKIEL E. CORTEZ
CA Bar No. 112808
ERIN J. LINDQUIST
CA Bar No. 249730
The Executive Complex
1010 Second Avenue,
Suite 1850, San Diego, CA 92101
Tel (619)237-0309 Fax (619)237-8052
Lawforjustice@aol.com

Attorneys for Defendant: Rafael Alfonso Labastida-Olacheas

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 08 CR 0203-MLH |
| Plaintiff, | ) **STATEMENT OF FACTS AND** |
| v. | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| RAFAEL ALFONSO LABASTIDA-OLACHEA, | ) **DEFENDANT'S MOTIONS** |
| Defendant. | ) **Date:  February 25, 2008** |
| | ) **Time:  2:00 p.m.** |

**I.**

**STATEMENT OF FACTS**

According to the Government's Probable Cause Statement, on January 10, 2008, Mr. Labastida attempted to enter the United States at the Otay Mesa Port of Entry via the pedestrian entrance. Mr. Labastida presented his Permanent Resident card. The CBP Officer conducted a name check through the CBP computer system and received a computer generated referral. The Officer then took Mr. Labastida to secondary where he obtained Mr. Labastida's fingerprints and allegedly identified Mr. Labastida as a criminal alien that had previously been removed from the United States. Mr. Labastida was then referred to the Prosecution Unit for further processing.

A videotaped interview was then conducted.  The Immigration Central Index System and the Deportable Alien Control System allegedly revealed that Mr. Labastida is a Mexican citizen with no legal documents to enter the United States.  It also revealed that on or about August 1, 1995, Mr. Labastida was deported from the United States.  It further revealed that Mr. Labastida was last removed from the United States to Mexico on or about August 25, 2003.

### III.

### MOTION FOR DISCOVERY

Pursuant to the Fifth and Sixth Amendments to the United States Constitution,  the dictates of *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, Mr. Labastida respectfully moves for an entry of an order requiring the government to disclose and provide the following specific information and material known, or that with the exercise of due diligence should be known to the government.  Mr. Labastida requests the government to disclose, and in the case of tangible items, produce for inspection and copying, all evidence in its possession, custody or control which may be relevant to the issues of guilt or innocence or mitigation at sentencing, or which could lead to such material or favorable evidence.  Such disclosure and production is to include, but is not limited to:

### REQUEST NO. 1

Mr. Labastida specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

**REQUEST NO. 2**

All arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding Mr. Labastida's arrest. This request includes, but is not limited to any rough notes, records, reports, transcripts or other documents in which statements of Mr. Labastida or any other discoverable material is contained.

**REQUEST NO. 3**

Specific dates and times when Mr. Labastida was interviewed or contacted by any agent of the United States. This request includes a request for all memoranda, reports, recordings, photographs and/or any other record made of such contacts and the substance of any conversations.

**REQUEST NO. 4**

All documents and tangible objects, including, but not limited to videotapes, recordings, transcripts, reports or notes relating or referring to, or constituting, containing or reflecting any statement by Mr. Labastida, written, recorded, or oral, whenever and to whomever made.

**REQUEST NO. 5**

With regard to all conversations within the scope of Request No. 2, Mr. Labastida requests production of:

(a) the name & address of the person to whom such statement was made;

(b) the name of the person making the statement;

(c) the date on which the statement was made; and

(d) the location where the statement was made.

**REQUEST NO. 6**

---

*Defendant's Notice of Motion and Motion For Discovery and*
*For Leave to File Additional Motions*, 08 CR 0203-MLH

The substance of any oral statement, which the government intends to offer in evidence at the trial, made by Mr. Labastida, whether before or after his arrest, in response to interrogation by any government agency.

## REQUEST NO. 7

All recorded conversations, electronic, mechanical, stenographic, or otherwise, of any person, whether or not acting on behalf of the government, which is relevant to the subject matter charged in the indictment in this case, and which is in the possessions, custody, or control of the government, within the meaning of 18 U.S.C. § 3504.

## REQUEST NO. 8

All books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the issue of guilt or innocence or are mitigating for sentencing as downward adjustments and/or 3553(a) factors, or are intended for use by the government as evidence in chief at the trial.

## REQUEST NO. 9

All books, papers, documents, photographs, tangible objects, copies or portions thereof, which were obtained from Mr. Labastida or which belong to him.

## REQUEST NO. 10

All videotapes, or other aural and visual recordings, transcripts thereof, investigative reports, summaries, memoranda and/or notes relating or referring in any way, directly or indirectly to Mr. Labastida and the instant charges.

## REQUEST NO. 11

All results or reports of physical or mental examinations, and or scientific tests or experiments or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the issue of guilt or innocence or are intended for use by the government as evidence in chief at the trial.

**REQUEST NO. 12**

All videotapes, recordings, transcripts, photographs, diagrams, charts, or other demonstrative evidence to be offered by the government in the trial of this case or relating to the offenses charged.

**REQUEST NO. 13**

All documents that describe contacts of whatever sort made by federal agents, or any state, local or foreign agents, involved in the investigation of this case, or any other individuals cooperating with the government in the investigation of this case.

**REQUEST NO. 14**

All documents, tangible objects, or other information which will tend to exculpate Mr. Labastida of any of the allegations in the Indictment, or that will be favorable to him, or could reasonably weaken or overcome testimony adverse to Mr. Labastida given by government witnesses, including, but not limited to:

(a) All documents, tangible objects, or information tending to show or indicate that Mr. Labastida did not *knowingly or intentionally* commit any or all of the offenses charged against his;

(b) The names and address of any persons who have evidence, documents, tangible objects or information tending to exculpate Mr. Labastida of any allegations in the

indictment, or who have evidence, documents, tangible objects or information which

can reasonably weaken or overcome testimony adverse to the defendants given by any

government witness; and

(c)  The names of all persons interviewed by Government agents and other employees

of the Justice Department, or by agents of any state or local agency or agents of any

foreign government for whom there are no interview reports, together with a report

showing whether notes of the interview were taken contemporaneously with the

interview or subsequently, and if so, whether the notes were destroyed.

## REQUEST NO. 15

Names and addresses of all persons that the government intends to call as witnesses at

trial, together with their statements, whether they are recorded or not.

## REQUEST NO. 16

All documents, tangible objects, and other information relating or referring to, or

constituting, containing, reflecting or suggesting any bias or hostility of any witness for the

government concerning this investigation.

## REQUEST NO. 17

Copies of all documents containing allegations of fraud, deceit, perjury, or lack of

candor concerning any person the government intends to call as a witness.

## REQUEST NO. 18

The conviction record of all persons the government intends to call as witnesses at the

time of trial, which convictions were punishable by death or imprisonment in excess of one

year under the law under which the conviction was obtained, or which involved dishonesty or

---

1   false statements, regardless of the punishment, within the meaning of Federal Rule of

2   Evidence 609(a).

3   **REQUEST NO. 19**

4

5       All documents, tangible objects or other information relating to the testimony of

6   witnesses whom the government will call at trial, which documents, tangible objects, or

7   information reflects materials that in any way contradict or are inconsistent with the

8   anticipated trial testimony of the witnesses.

9

10  **REQUEST NO. 20**

11      Identify the dates, times, and locations of all prior testimony regarding events of this

12  case by any person the government intends to call as a witness at the time of trial.

13

14  **REQUEST NO. 21**

15      (a)  All evidence, documents, tangible objects, and other information exculpatory to

16  Mr. Labastida, or favorable to him, or which could reasonably weaken or overcome

17  testimony adverse to him given by any person, which was submitted to the grand jury

18  for its consideration prior to the return of the indictment in this case;

19

20      (b)  A list of the names of all witnesses appearing before the grand jury in connection

21  with its investigation of the present case; and

22

23      (c) The names of all persons designated or sworn as grand jury agents or to whom

24  grand jury material has been disclosed pursuant to the provisions of Rule 6 of the

25  Federal Rules of Criminal Procedure.

26

27  Mr. Labastida requests that the above materials be made available to counsel as soon as

28  possible after the hearing on these motions in order to allow adequate time for review and to

29  seek further discovery or to file such pretrial motions as may be appropriate.

30

---

# IV.

## LEGAL BASIS FOR REQUEST

Both the Federal Rules of Criminal Procedure and long-standing precedent dictate that Mr. Labastida is entitled to timely discovery production by the government. According to the United States Supreme Court –

> Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. To safeguard that right, the Court has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence.' *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). Taken together, this group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system.

*California v. Trombetta*, 467 U.S. 479, 485 (1984).

The constitutionally guaranteed access to evidence includes a duty upon the government to disclose false testimony, false evidence and to turn over evidence that a witness has lied under oath. See *Napue v. Illinois*, 360 U.S. 264, 269-272 (1959)- "It is of no consequence that the falsehood bore upon the witness' credibility rather than directly upon defendant's guilt. A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth."

Furthermore, "criminal defendants are entitled to much more than protection against perjury." *Trombetta*, 467 U.S., at 485. Another important constitutionally protected privilege for the defendant is the right to request and obtain evidence from the prosecution that is

material to either guilt or punishment of the defendant.  See *Brady v. Maryland*, 373 U.S. 83

(1963)- "Suppression by the prosecution of evidence favorable to an accused who has

requested it violates due process where the evidence is material either to guilt or to

punishment, irrespective of the good faith or bad faith of the prosecution."  Even in the

absence of a specific request, the prosecution has a constitutional duty to turn over

exculpatory evidence that would raise a reasonable doubt about the defendant's guilt.

*Trombetta*, 467 U.S., at 485 citing *United States v. Agurs*, 427 U.S. 97, 112 (1976).  Evidence

favorable to the accused includes material that bears on the credibility of witnesses and

includes impeachment evidence.  *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1461 (9th

Cir. 1992).  "The jury's estimate of the truthfulness and reliability of a given witness may well

be determinative of guilt or innocence, and it is upon such subtle factors as the possible

interest of the witness in testifying falsely that a defendant's life or liberty may depend."

*Napue*, 360 U.S., at 269.

      The government is under an obligation to seek out and disclose *Brady* evidence even if

the evidence is not in its immediate possession.  As stated by the Supreme Court – "The

individual prosecutor has a duty to learn of any favorable evidence known to the others acting

on the government's behalf in the case, including the police. But whether the prosecutor

succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good

faith or bad faith, see *Brady*, 373 U.S. at 87), the prosecution's responsibility for failing to

disclose known, favorable evidence rising to a material level of importance is inescapable."

*Kyles v. Whitley*, 514 U.S. 419, 437-438 (1995).  Therefore, Mr. Labastida is entitled to the

above requested evidence whether it is in the possession of the prosecution, Homeland

Security, or any other agency of the government.  See *Giglio v. United States*, 405 U.S. 150,

154 (1972)- "The prosecutor's office is an entity and as such it is the spokesman for the Government."  Further, "An individual prosecutor is presumed…to have knowledge of all information gathered in connection with his office's investigation of the case…" *United States v. Avellino*, 136 F.3d 249, 255 (2d. Cir. 1998).


## CONCLUSION

For all of the foregoing reasons, Mr. Labastida requests this Court to grant his Motion for Discovery and for leave to file additional motions after the government has produced, and Mr. Labastida has had an opportunity to review, further discovery in this case.


Respectfully submitted,

Dated:  11 February 2008                    /S/Ezekiel E. Cortez_____
                                           Ezekiel E. Cortez
                                           Attorney for Defendant
                                           Rafael Alfonso Labastida-Olachea

EZEKIEL E. CORTEZ
CA Bar No. 112808
ERIN J. LINDQUIST
CA Bar No. 249730
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Tel (619) 237-0309 Fax (619) 237-8052

Attorneys for Defendant: Rafael Alfonso Labastida-Olachea

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHISN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 08 CR 0203-MLH |
| Plaintiff, | ) |
| | ) **DEFENDANT'S PROOF OF SERVICE** |
| v. | ) |
| RAFAEL ALFONSO LABASTIDA- | ) |
| OLACHEA, | ) |
| Defendant. | ) |
| | ) |

I, the undersigned, hereby declare as follows:

1. I am over 18 years of age, a resident of the County of San Diego, State of California, counsel for the Defendant and that my address is 1010 Second Avenue, Suite 1850, San Diego, CA 92101;

2. That today I served Defendant's Notice of Motion and Motion For Discovery and For Leave to File Additional Motions on opposing counsel by causing to be delivered by e-filing to the Office of the Clerk; and that I mailed a copy to Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11 February 2008                    /S/Ezekiel E. Cortez
                                            Ezekiel E. Cortez