| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | WILLIAM A. HALL, JR. |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 253403 |
| | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7046/(619) 235-2757 (Fax) |
| | Email: william.a.hall@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0203-H |
| | ) | |
| Plaintiff, | ) | DATE: February 25, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | Before Honorable Marilyn L. Huff |
| | ) | |
| RAFAEL ALFONSO LABASTIDA-OLCAHEA, | ) | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| | ) | |
| Defendant(s). | ) | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Rafael Alfonso Labastida-Olcahea (hereinafter "Defendant"), was charged by a grand jury on January 23, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), attempted entry after deportation. Defendant was arraigned on the Indictment on January 24, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on October 21, 2007, by Customs and Border Protection ("CBP") Officers at the Otay Mesa, California Port of Entry. There, at approximately 1:50 a.m.

3

1  that day, Defendant made application for admission into the United States via the pedestrian lane.
2  Defendant presented a Permanent Resident (1-551) card and told a CBP Officer that he was on his
3  way to Chula Vista, California. Defendant gave a negative customs declaration and further added
4  that he was robbed in Mexico and had no further identification with him. The CBP Officer
5  conducted a name check through the CBP computer system and received a computer-generated
6  referral. The CBP Officer escorted the defendant to the secondary inspection area.

7  At secondary inspection, CBP Officers used Defendant's fingerprints to perform a
8  computerized check of Defendant's criminal and immigration history, revealing him to be a
9  previously deported criminal alien. In a post-<u>Miranda</u> statement, Defendant admitted to being a
10 citizen and national of Mexico without any immigration documents allowing him to enter or
11 remain in the United States legally. He further admitted that he has been previously removed from
12 the United States, and admitted that he has never applied for permission to re-enter the United
13 States since his removal. Defendant admitted that his destination was Chula Vista, California.

14 **B.    DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

15 Preliminary criminal history reports show that Defendant has felony convictions in
16 California. Defendant was convicted in 1987 in this Court of possession and importation of
17 methamphetamine; his disposition was initially deferred via a pre-trial diversion program, but he
18 was later sentenced to six months of incarceration upon violating the terms of the diversion
19 program. Defendant was convicted in 1991 in Los Angeles of Possession of a Controlled
20 Substance for Sale, in violation of Cal. HS § 11378(A); he was initially sentenced to 109 days jail
21 followed by three years probation, and was later sentenced to 365 days incarceration on a probation
22 violation. Defendant was convicted in 1993 in Los Angeles of Possession of a Controlled
23 Substance in violation of Cal. HS § 11377(a); he was sentenced to three years incarceration.
24 Finally, in 2000 Defendant was again convicted in Los Angeles of Possession of a Controlled
25 Substance for Sale, in violation of Cal. HS § 11378(A); he was sentenced to 5 years incarceration.
26 Defendant's was last removed to Mexico on August 25, 2003.
27
28                                                             4                              08CR0203-H

# III

# UNITED STATES' MOTIONS

## A.   FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

## B.   RECIPROCAL DISCOVERY

To date, the United States has provided Defendant with 77 pages of discovery, including reports of his arrest, his rap sheet, and copies of immigration and conviction documents, and one DVD. The United States also agrees to schedule an A-file viewing at a time that is mutually convenient for defense counsel and the United States' case agent. The government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

//
//
//
//
//

# IV

# RESPONSE TO DEFENDANT'S MOTIONS

## A.  DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE

### 1.  The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

#### a.  The Government Will Comply With Rule 16(a)(1)(D)

Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record. Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

#### b.  The Government Will Comply With Rule 16(a)(1)(E)

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available. Counsel should contact the Assistant United States Attorney assigned to the case two weeks before

1  the scheduled trial date and the Assistant will make arrangements with the case agent for counsel
2  to view all evidence within the government's possession.

3              c.   The Government Will Comply With Rule 16(a)(1)(F)

4  The government will permit Defendant to inspect and copy or photograph any results or
5  reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof,
6  that are within the possession of the government, and by the exercise of due diligence may become
7  known to the attorney for the government and are material to the preparation of the defense or are
8  intended for use by the government as evidence-in-chief at the trial. Counsel for Defendant should
9  contact the Assistant United States Attorney assigned to the case and the Assistant will make
10 arrangements with the case agent for counsel to view all evidence within the government's
11 possession.

12
              d.   The Government Will Comply With Its Obligations Under Brady v.
13                  Maryland

14 The government is well aware of and will fully perform its duty under Brady v. Maryland,
15 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory
16 evidence within its possession that is material to the issue of guilt or punishment. Defendant,
17 however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to
18 the accused, or that pertains to the credibility of the government's case. As stated in United States
19 v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

20  > [T]he prosecution does not have a constitutional duty to disclose every bit of
  > information that might affect the jury's decision; it need only disclose information
21  > favorable to the defense that meets the appropriate standard of materiality.

22 611 F.2d at 774-775 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685,
23 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not
24 exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any
25 pretrial privileges not contained in the Federal Rules of Criminal Procedure).

26              e.   Discovery Regarding Government Witnesses

27
28                                                 7                                 08CR0203-H

1     (1) <u>Agreements.</u>  The government has disclosed or will disclose the
2 terms of any agreements by Government agents, employees, or attorneys with witnesses that testify
3 at trial.  Such information will be provided at or before the time of the filing of the Government's
4 trial memorandum.[1/]  The government will comply with its obligations to disclose impeachment
5 evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

6     (2) <u>Bias or Prejudice.</u>  The government has provided or will provide
7 information related to the bias, prejudice or other motivation to lie of government trial witnesses
8 as required in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

9     (3) <u>Criminal Convictions.</u>  The government has produced or will
10 produce any criminal convictions of government witnesses plus any *material* criminal acts which
11 did not result in conviction.  The government is not aware that any prospective witness is under
12 criminal investigation.

13     (4) <u>Ability to Perceive.</u>  The government has produced or will produce
14 any evidence that the ability of a government trial witness to perceive, communicate or tell the
15 truth is impaired or that such witnesses have ever used narcotics or other controlled substances,
16 or are alcoholics.

17     (5) <u>Witness List.</u>  The government will endeavor to provide Defendant
18 with a list of all witnesses which it intends to call in its case-in-chief at the time the government's
19 trial memorandum is filed, although delivery of such a list is not required.  See <u>United States v.</u>
20 <u>Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986);
21 <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not entitled to
22 the production of addresses or phone numbers of possible government witnesses.  See <u>United</u>
23 <u>States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir. 1977), <u>cert. denied</u>, 419 U.S. 834 (1974).

---

[1]  As with all other offers by the government to produce discovery earlier than it is required to do, the offer is made without prejudice.  If, as trial approaches, the government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

1   Defendant has already received access to the names of potential witnesses in this case in the
2   investigative reports previously provided to him or her.

3       (6) <u>Witnesses Not to Be Called.</u>  The government is not required to
4   disclose all evidence it has or to make an accounting to Defendant of the investigative work it has
5   performed.  <u>Moore v. Illinois</u>, 408 U.S. 786, 795 (1972); <u>see</u>  <u>United States v. Gardner</u>, 611 F.2d
6   770, 774-775 (9th Cir. 1980).  Accordingly, the government objects to any request by Defendant
7   for discovery concerning any individuals whom the government does not intend to call as
8   witnesses.

9       (7) <u>Favorable Statements.</u>  The government has disclosed or will
10  disclose the names of witnesses, if any, who have made favorable statements concerning Defendant
11  which meet the requirements of <u>Brady</u>.

12      (8) <u>Review of Personnel Files.</u>  The government has requested or will
13  request a review of the personnel files of all federal law enforcement individuals who will be called
14  as witnesses in this case for <u>Brady</u> material.  The government will request that counsel for the
15  appropriate federal law enforcement agency conduct such review.  <u>United States v. Herring</u>, 83
16  F.3d 1120 (9th Cir. 1996); <u>see</u>, <u>also</u>, <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir.
17  1992); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

18   Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v.</u>
19  <u>Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable
20  to the defense that meets the appropriate standard of materiality . . ." <u>United States v. Cadet</u>, 727
21  F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of
22  the information within its possession in such personnel files, the information will be submitted to
23  the Court for <u>in</u> <u>camera</u> inspection and review.

24      (9) <u>Government Witness Statements.</u> Production of witness statements
25  is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies
26  on direct examination. <u>United States v. Taylor</u> , 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States</u>

27

28                  9        08CR0203-H

1  v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)). Indeed, even material believed to be exculpatory and
2  therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject
3  to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under
4  the Act. See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

5      The government reserves the right to withhold the statements of any particular witnesses
6  it deems necessary until after the witness testifies. Otherwise, the government will disclose the
7  statements of witnesses at the time of the filing of the government's trial memorandum, provided
8  that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal
9  Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse
10 Jencks" statements at that time.

        f.       The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

13     Although the government has no objection to the preservation of agents' handwritten notes,
14 it objects to requests for full production for immediate examination and inspection. If certain
15 rough notes become relevant during any evidentiary proceeding, those notes will be made
16 available.

17     Prior production of these notes is not necessary because they are not "statements" within
18 the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a
19 witness' assertions *and* they have been approved or adopted by the witness. United States v.
20 Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932,
21 936-938 (9th Cir. 1981).

        g.       All Investigatory Notes and Arrest Reports

23     The government objects to any request for production of all arrest reports, investigator's
24 notes, memos from arresting officers, and prosecution reports pertaining to Defendant. Such
25 reports, except to the extent that they include Brady material or the statements of Defendant, are

protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports may have already been produced to the defense, the government is not required to produce such reports, except to the extent they contain Brady or other such material. Furthermore, the government is not required to disclose all evidence it has or to render an accounting to Defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

h. Expert Witnesses.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the government will provide the defense with notice of any expert witnesses the testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Reciprocally, the government requests that the defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

i. Information Which May Result in Lower Sentence.

Defendant has claimed or may claim that the government must disclose information about any cooperation or any attempted cooperation with the government as well as any other information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland. The government respectfully contends that it has no such disclosure obligations under Brady.

The government is not obliged under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977). Brady is a rule of disclosure. There can be no violation of Brady if the evidence is already known to Defendant.

Assuming that Defendant did not already possess the information about factors which might affect their respective guideline range, the government would not be required to provide

1  information bearing on Defendant's mitigation of punishment until after Defendant's conviction
2  or plea of guilty and prior to his sentencing date. "No [Brady] violation occurs if the evidence is
3  disclosed to the defendant at a time when the disclosure remains of value." United States v.
4  Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

**B.   NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

**V**

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that its motions be granted and that Defendant's motions, except where not opposed, be denied.

DATED: February 11, 2008.

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/ William A. Hall, Jr.
                                        WILLIAM A. HALL, JR.
                                        Assistant United States Attorney